needs of their growing business, the two stockholders drew out none of the earnings, except the amounts specified above as salaries, and the corporation never distributed any of its profits, except in the form of stock dividends, as hereinbefore described. As surplus accumulated from operations it was distributed as stock dividends and, in excess of requirements for such distributions, there were ample funds at all times for the payment of the salaries agreed to by and between the two stockholders.

During the years 1918, 1919, and 1920, the taxpayer expended the respective amounts of $2,200, $1,899, and $1,508, in repairing buildings and equipment, and charged such payments against income as ordinary and necessary expenses.

The taxpayer owns 21 buildings, located at various points in Missouri, which it uses as oil stations. Some of these structures were erected in 1912 and, during the years in question, were used only for storage purposes. These buildings are constructed of wood, with concrete block foundations and rubberoid roofs, and their useful life for business purposes is not more than 12½ years. Eight per cent per annum on a straight-line basis is a reasonable rate of depreciation for such structures.

Upon audit of the taxpayer's income and profits-tax returns for the years 1918, 1919, and 1920, the Commissioner disallowed all amounts deducted from gross income as salaries, except $1,200 in each of the years 1918 and 1919, and $1,500 in 1920; held that the amounts expended for repairs should be capitalized, and reduced the taxpayer's rate of depreciation on its buildings from 8 per cent to 4 per cent per annum.

### DECISION.

The deficiency determined by the Commissioner is disallowed.

---

### APPEAL OF JAMES S. MUIR.

Docket No. 3648. Submitted October 27, 1925. Decided November 25, 1925.

*Harold H. Seaton, Esq.*, for the taxpayer.
*L. C. Mitchell, Esq.*, for the Commissioner.

Before SMITH, LITTLETON, and TRUSSELL.

The taxpayer appeals from the determination of a deficiency in income tax for the year 1921 in the amount of $577.81.

### FINDINGS OF FACT.

During the year 1921 the taxpayer, a resident of New York City, was an employee of the Northwestern Leather Co. Under the terms

of his contract, he received a salary and a commission, consisting of a percentage upon profits of the New York branch of his employer: His agreement required him to turn over to his employer any commissions which he might earn as a representative of other concerns. During the year 1921, he was paid commissions by William Amer Co. of $1,450.59, and by Besse Osborn & Odell, Inc., of $3,009.72. Checks in payment of these commissions were sent to the taxpayer by the above-named concerns. He endorsed them and turned them over to the Northwestern Leather Co., by which company they were deposited in bank as its own funds. The taxpayer did not report any income from these commissions, inasmuch as they did not belong to him. The information returns filed by William Amer Co. and by Besse Osborn & Odell, Inc., showed the payment of these commissions to the taxpayer, and the Commissioner added the amount of these commissions to the income reported by the taxpayer in his tax return. The deficiency in tax is predicated upon the adjustment made in the taxpayer's return as above indicated.

## DECISION.

The deficiency determined by the Commissioner is disallowed. *Appeal of Richard T. Gillespie*, 2 B. T. A. 1317.

---

## APPEAL OF SIDNEY P. DINE, AS EXECUTOR OF THE ESTATE OF PHILLIP DINE, DECEASED.

Docket No. 3783.    Submitted November 4, 1925.    Decided November 25, 1925.

*Stanley Matthews, Esq.*, for the taxpayer.
*J. Sterling Halstead, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

This is an appeal from the determination of a deficiency in estate tax in the amount of $2,900.34, arising from the denial by the Commissioner of the claim of the executor, a son of the decedent, that, at the time of the death of Phillip Dine, he had an interest of $50,000 in a store operated by the decedent at Covington, Ky., and that Morris Romanow, a son-in-law of the decedent, had an interest of $10,000 in a store operated by the decedent at Newport, Ky. By amended petition the executor also alleged that, in making the estate-tax return, he erroneously included therein, as a part of the decedent's estate, an undivided one-half interest in certain real estate when, in truth, the decedent owned only a one-fourth interest. The executor claims, therefore, that, since the Commissioner has valued